UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
FEB 19 2008
CLERK'S OFFICE
DETROIT

IN RE: SEARCH WARRANTS FOR
    27867 Orchard Lake Road
    Farmington Hills, MI 48334     MISC. NO. 07-X-51008
    SW #07x50410-F
and     DISTRICT JUDGE GERALD E. ROSEN

    8551 Kenwood Street
    Oak Park, MI 48237     MAGISTRATE JUDGE VIRGINIA MORGAN
    SW #07x50410-E

Movant: Stacy Hogan Gianoplos
_____/

## REPORT AND RECOMMENDATION TO DENY PETITION FOR THE RETURN OF PROPERTY AND FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

This matter is before the court on the Petition for Return of Property and for Temporary Restraining Order and Injunction filed November 29, 2007 (D/E 1). Oral argument was held before the magistrate judge. For the reasons set forth in this Report, it is recommended that the Petition be denied.

Stacey Hogan Gianoplos, the owner and CEO of Safescript Pharmacy, seeks the return of money seized from her home. The case arises from the May 10, 2007 seizure of property from petitioner's home and from her business Safescript Pharmacy No. 19 LLC. Two federal search warrants were issued at the request of diversion investigators from the Drug Enforcement Agency (DEA) to search petitioner's business (27867 Orchard Lake Rd, Farmington Hills, Michigan) and residence (8551 Kenwood St, Oak Park, Michigan). According to the DEA, the search warrants

were issued after an investigation into the practices of Safescript in filling questionable controlled substance prescriptions (DEA Response to Petitioner's Petition for Remission or Mitigation). Execution of the warrants resulted in the seizure of certain property from petitioner's residence pursuant to those warrants, and included $29,835 in U.S. currency and $6,412.50 in Iraqi dinars, as well as surveillance computers, copies of hard drives, bank slips and other documents. Petitioner seeks return of the $29,835, and she filed a Petition for Remission (Pardon) with the DEA. After review, the petition was denied and the property was administratively forfeited to the United States. Petitioner now alleges that she is entitled to the return of the property pursuant to Fed.R.Crim.P. Rule 41(g) and 18 U.S.C. § 983(a)(3) (the Civil Asset Forfeiture Reform Act "CAFRA"). Petitioner claims that the affidavit to the search warrant must be unsealed in order to permit a proper challenge to the seizure, and that the warrants were unconstitutional "general warrants" in that they lacked the required particularity and the government was not entitled to the benefit of the "good faith" exception to the warrant requirement, see *U.S. v. Leon*, 468 U.S. 897, 923 (1984). Petitioner sought a Temporary Restraining Order and Preliminary Injunction, in the nature of an order requiring the government to return the property. (Brief, p. 26). The government argues that the court lacks jurisdiction to review the merits of the administrative forfeiture once the process has begun. *United States v. Dusenbery*, 201 F3d 763, 767 (6th Cir. 2000).

At oral argument, counsel advised that they had resolved all outstanding issues with the exception of a due process issue arising out of the administrative seizure of the $29,835.00 from petitioner's home. A review of the petition fails to indicate that such a due process claim was

clearly made and the government did not brief the issue, but the Sworn Statement of Claimant/Movant (dated February 4, 2008) could be said to raise such an issue and the court will address it. Petitioner's counsel argued orally that neither the DEA form nor the correspondence from DEA's forfeiture counsel provided Gianoplos with constitutionally adequate due process. The government disagrees.

Federal Rules of Criminal Procedure Rule 41 provides that an individual aggrieved by an unlawful deprivation of property may move the district court for the return of the property on the ground that the individual is entitled to lawful possession of the property. In order for such a claim to be considered by the court, there must be federal court jurisdiction. When a seizure is made by the DEA and no criminal charges are filed, the DEA may still proceed to forfeit the funds in either of two ways. The choice belongs to the claimant. Here, petitioner received actual notice of the proposed forfeiture and had two alternatives if she wished to contest the forfeiture. She could judicially challenge the forfeiture by filing a claim of ownership and cost bond with the DEA. The matter would then be referred to the United States Attorney and the matter would be contested in district court. 19 U.S.C. § 1608. Alternatively, petitioner could administratively challenge the forfeiture by filing a petition for remission or mitigation of the forfeiture with the agency. 19 U.S.C. § 1618. Where a petitioner chooses an administrative challenge, the decision to remit or mitigate the forfeiture is within the domain of the DEA and federal court review is limited only to a determination that the proceeding conformed with the requirements of due process. *United States v. Woodall*, 12 F.3d 791, 793 (8th Cir. 1993). Where a petitioner chooses administrative forfeiture and challenges only the result, i.e. the underlying DEA decision, she

may not seek review of the claim in the district court through a Rule 41 motion. *Shaw v. United States*, 891 F.2d 602, 603-4 (6th Cir. 1989).

In this case, petitioner filed her Petition for Remission (Pardon) of Forfeiture on June 29, 2007.[1] It was decided adversely to her. She did not appeal administratively. It appears here that petitioner seeks in actuality to contest the DEA decision, and thus the court is without subject matter jurisdiction. The district court lacks jurisdiction to review the merits of administrative forfeiture decisions. "Administrative forfeiture ordinary removes the subject matter of the action–the property or *res*–from the district court, and thereby deprives the court of jurisdiction to review administrative forfeiture once the administrative process has begun. *Onwubiko v. United States*, 969 F.2d 1392, 1398 (2nd Cir. 1992)." *United States v. Dusenbery*, 201 F.3d 763, 767 (6th Cir. 2000), *affirmed*, 534 U.S. 161 (2002). Where the petitioner chooses an administrative challenge, the decision to remit or mitigate the forfeiture is within the domain of the DEA and once that agency has made its determination of the petition, courts generally have no power to review that decision. See, *Armstrong v. United States* 1996 WL 205581 (6th Cir. 1996)(unpublished) (Ex. Doc 4-4). Other circuits have reached similar conclusions. Essentially, where petitioner receives actual notice and only where the agency fails to review or consider a petition altogether can courts exercise any equitable jurisdiction. *In Matter of $67,470*, 901 F.2d 1540, 1544 (11th Cir. 1990). Petitioner here received actual notice and filed a clearly stated petition for remission or mitigation of forfeiture. (Ex. C to Rule 41 Petition) The Sixth Circuit

---

[1] Petitioner also received a petition for remission for the Iraqi Dinars. This was likewise reviewed and forfeited based on the DEA determination that the dinars were intended to be furnished in exchange for controlled substances. Petitioner does not appear to challenge that determination here. If she were to do so, the same reasoning in this Report would apply.

-4-

in *Armstrong* court held that in such cases, "The court may only review the agency's decision to determine if the proceeding conformed with the requirements of due process." Absent a claim for due process denial, no review would be warranted in this case.

However, petitioner now contends that the DEA form and/or the procedure was constitutionally inadequate. The Fifth Amendment's Due Process Clause entitles individuals whose property interests are at stake to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993). The straightforward reasonableness test for notice contained in *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950), not the balancing test of *Mathews v. Eldridge* 424 U.S. 319 (1976) supplies the appropriate analytical framework for the due process analysis. *Dusenbery v. United States*, 534 U.S. 161, 122 S.Ct. 694 (2002). The government must attempt to provide actual notice, using a method reasonably calculated to apprise petitioner of the pendency of the action. 122 S.Ct at 172-173. The fundamental requisite of due process of law is the opportunity to be heard. *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). The right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce, or contest. *Mullane*, 339 U.S. at 314.

The court finds petitioner's due process argument to be without merit both factually and legally. Petitioner received actual notice of the forfeiture and her rights. The form clearly and directly set forth her options. Petitioner is an educated, articulate CEO of an incorporated pharmacy business registered with DEA. By her own admission, she is aware of her responsibilities and has operated her pharmacy without even one infraction since she began in 2003. (Ex C, Petition for Remission) She describes the $29,835 as her investment capital.

There is no evidence that she was intimidated by the government as she was direct and strong in her petition and even wrote to the investigating DEA agent seeking his support for her petition in a letter which begins "Dear Jim." (Undated letter to Jim Rafalski, Part of Ex. C to Rule 41 Petition). She alleges that the seizure was unjust and that her orders for large amounts of controlled substances was because she was servicing several pain management doctors. (Petition for Remission). Petitioner clearly indicated that she understood that it would be the DEA [not the court] who would be decision-maker, as she looked "forward to like fairness in your authority to rule in this matter." (Ex. C, Re-submission of Petition for Remission. August 10, 2007). In September, 2007, the DEA by Merri Hankins, Senior Attorney with the Asset Forfeiture Section, responded to petitioner. Ms. Hankins' letter noted that federal regulations explicitly prohibit remission of a forfeiture unless the petition establishes (1) a valid, good faith, and legally cognizable interest in the seized property as an owner or lienholder; and (2) qualification as an "innocent owner" within the meaning of the he applicable civil forfeiture statute. (DEA letter of September 21, 2007). DEA found that petitioner admitted the U.S. currency was proceeds from Safescript Pharmacy which she owns and for which she holds the DEA registration. In addition, DEA laid out the factual basis which resulted in the conclusion that "Safescript dispensed prescriptions in violation of the Controlled Substances Act with petitioner's full knowledge, consent and under petitioner's direction." (*Id.* at page 2). Safescript dispensed prescriptions based on emails only without obtaining the original signed prescription. Safescript filled prescriptions knowing that the actual or supposed recipient had third parties obtaining controlled substances in their stead. Many Schedule II prescriptions were filled for young, seemingly healthy patrons. Petitioner, not a trained or licensed pharmacist, opened and closed the pharmacy

without a licensed pharmacist present. Safescript filled prescriptions from a physician knowing that the physician was selling prescriptions and meeting patients in the parking lot for the purpose of writing prescriptions for controlled substances. Petitioner ignored the warnings of her employees, both a licensed pharmacist and others, who questioned various prescriptions. She stated that she was responsible for what happened. (Letter page 3). Thus, the request for remission was denied.

DEA also examined the petition to determine whether mitigation was appropriate, see *Austin v. United States*, 113 S.Ct. 2801 (1993). The DEA considered the substantial connection between the property and the offense (the money was found bundled with checks and other documents related to the business), determined that the forfeiture was proportional to the offense, and denied mitigation. Petitioner was further advised that, "the correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court. Since you failed to contest this forfeiture judicially, this option is no longer open to you. *United States v. Giraldo*, 45 F.3d 509 (1st Cir. 1995), *Carballo v. DEA*, 62 Fed. Appx. 362, 363 (2003)." (Letter page 4). Petitioner was also advised of her right to request reconsideration. She did not do so.

She now claims that the original letter and the form fail to properly advise her of her options. Government counsel at the hearing advised the court that the DEA form has been amended subsequent to the enactment of CAFRA. The form is attached to and incorporated into this report. The form lays out both alternatives for forfeiture in bold face, capital type: TO REQUEST REMISSION OR MITIGATION OF FORFEITURE, and after these procedures are stated, with white space in between, TO CONTEST THE FORFEITURE. The form continues with the procedures to contest the forfeiture. Unlike the administrative track, this alternative

requires that the claim be made under oath, subject to penalty of perjury, provides penalties for a frivolous claim, and clearly states that failure to comply with these terms will preclude the contesting of the forfeiture of the asset in any judicial proceeding.

Petitioner does not dispute that she received this form, filled out and directed to her. The directions under the category TO CONTEST THE FORFEITURE begin as follows: "In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by July 12, 2007." This direction is clear on its face. Petitioner's submissions to DEA did not meet this standard in any way.

Petitioner's statement that she did not understand or that her failure to file a claim is justified by her "belief that [*her*] government would do the right thing" (Sworn Statement of Claimant/Movant page 6) is not persuasive given her background, employment history, and knowledge expressed in her written communications to DEA. In addition, as a competent business owner and incorporator, she would be well aware that if she did not understand her rights, she should obtain a lawyer to represent her interests or that of the business. In sum, petitioner has not shown a denial of due process. The court thus lacks jurisdiction to proceed further.

It is recommended that the petition be denied and case be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: 2/19/08



# U.S. DEPARTMENT OF JUSTICE
# DRUG ENFORCEMENT ADMINISTRATION

| | |
|---|---|
| Asset Id: | 07-DEA-484024 |
| Case Number: | I7-06-2031 |
| Property: | $29,835.00 U.S. Currency |
| Asset Value: | $29,835.00 |
| Seizure Date: | 05/10/2007 |
| Seizure Place: | Oak Park, MI |
| Owner Name: | |
| Seized From: | Carson, Stacey Hogan Gianoplos and Ronald Glen |
| Judicial District: | Eastern District of Michigan |

Stacey Hogan Gianoplos
c/o Akbar C. Rasul/Esq.
821 W. Milwaukee
Detroit, MI 48202

**NOTICE MAILING DATE: June 7, 2007**

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by July 12, 2007. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

7005 1820 0007 4386 7110

**EXHIBIT 1**